**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JUN 28  A II: 52

CLERK _____
SO. DIST. OF GA

| | | |
|---|---|---|
| JERMAINE R. REVERE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: CV513-051 |
| | : | |
| BRIAN OWENS; Sgt. PERRY; | : | |
| Sgt. BUSSY; Lt. WATERS; | : | |
| Lt. BERRY; Warden HEART; | : | |
| Warden of Security HOLDEN, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. §1983 contesting certain conditions of his confinement at Ware State Prison in Waycross, Georgia.  A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.  In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 52 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to

AO 72A
(Rev. 8/82)

state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  <u>Mitchell</u>, 112 F.3d at 1490.  While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that upon his arrival at Ware State Prison on June 7, 2012, his body was examined for gang-related tattoos.  Plaintiff contends that "two CERT team officers who were under the instruction of Lt. Berry" discovered his "Gangsta Disciple 360" tattoo and warned him of a recent stabbing incident between the Gangsta Disciples and Hispanics at the prison.  (Doc. No. 1, pp. 4-5).  Plaintiff alleges after he was seen by medical, he and another Gangsta Disciple, Rashad Leach, were taken to building H-1 where approximately 23 Hispanics were also housed.  Plaintiff avers that he told the CERT officers he could not be housed with the Hispanics because they would kill him.  Plaintiff claims the officers stated Plaintiff could not be moved and he would be all right until Monday.  Plaintiff alleges later the same day he spoke to Sgt. Perry[1], Sgt. Bussy, Lt. Waters, and Lt. Day about being moved to another building or

---

[1] The Clerk of Court is ordered to add Sergeant Perry as a named Defendant in this action.  Plaintiff names Sergeant Perry as a Defendant.  <u>See</u> Doc. No. 1 at pp. 1, 4.

2

into protective custody.   Plaintiff avers that he was told to return to his cell and Plaintiff's request would be addressed when they had time.   Plaintiff contends that on June 14, 2012, Warden Heart conducted a dorm inspection during which Plaintiff requested again to be moved along with all the other Gangsta Disciples in cell 18. Plaintiff claims Warden Heart told him he would be all right and left.   Plaintiff asserts that he wrote Warden of Security Holden about the situation and never received a reply.

Plaintiff avers that on June 25, 2012, Warden Heart again inspected that dorms while Lt. Berry ordered a search of cell 19 where two Hispanics were housed.   Plaintiff contends two machetes and "the making for two more" were found; the officers left the cell laughing. (Id. at p. 7).  Plaintiff alleges that two hours later the Hispanics were back in their cell.   Plaintiff asserts that the next day he observed three Hispanics unscrewing a gray box over the control booth.   Plaintiff contends the officers ignored a request for protective custody.   Plaintiff alleges "Leach" then told him he had been stabbed. Plaintiff asserts a "mob of Mexicans were charging at me" and he sustained several stab wounds all over his body.  (Id. at p. 8).   Plaintiff contends he was chased by a "mob of Mexicans with machetes, thats [sic] when I was chopped and sliced to where I lost 3 fingers on my left hand.  Eventually I was let out of building by being thrown in the dead pile, for I died two times." (Id. at p. 9).  Plaintiff avers he filed a grievance which was denied at all levels.   Plaintiff names as Defendants: Brian Owens, Commissioner of the Georgia Department of Corrections; Warden Heart; Warden Holden; Lieutenant Waters; Lieutenant Berry; Sergeant Perry; and Sergeant Bussy.

3

It appears Plaintiff seeks to hold Defendants Owens, Holden, and Berry liable based solely on their positions as Commissioner of the Georgia Department of Corrections, Warden of Security, and Lieutenant of the CERT team, respectively.  In section 1983 actions, liability must be based on something more than a theory of respondeat superior.  Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  As Plaintiff has failed to make this basic showing, his claims against Defendants Owens, Holden, and Berry should be **DISMISSED**.

However, the Eighth Amendment imposes duties on prison officials such as the duty to take reasonable measures to ensure the safety of inmates.  Farmer v. Brennan, 511 U.S. 825, 828 (1994).  This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm.  Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Heart, Waters, Bussy, and Perry.  A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Heart, Waters, Bussy, and Perry by the United States Marshal without prepayment of cost.  If any Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

AO 72A
(Rev. 8/82)

4

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this court's local rules.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any.

AO 72A
Rev. 8/82)

Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation,

AO 72A
(Rev. 8/82)

and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney(s) for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

AO 72A
Rev. 8/82)

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service.  "Failure to respond shall indicate that there is no opposition to a motion."  Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion.  Local Rules 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the

\O 72A
Rev. 8/82)

Defendants' statement of the facts.  Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this _28th_ day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)