# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| Jermaine R. Revere, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 513-051 |
| vs. | * | |
| | * | |
| Larry R. Perry; Donnie Bussy; Jerry T. Waters; and Daryll Hart, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

After an independent and *de novo* review of the entire record, the Court concurs with the conclusions of the Magistrate Judge's Report and Recommendation, Dkt. No. 45, to which Plaintiff filed Objections. Dkt. No. 47. Defendants filed a Response to Plaintiff's Objections and assert that the Magistrate Judge's recommended disposition of their Motion for Summary Judgment is correct. Dkt. No. 48.

In his Objections, Plaintiff argues that prison officials do not have to know about a risk to a particular prisoner and can be held liable for policies or conditions which are dangerous to all prisoners or to an identifiable group of prisoners. Plaintiff alleges that Defendants had knowledge of a long-standing, pervasive, and well-documented risk to his

safety. To support his Objections, Plaintiff has submitted copies of Defendants' responses to his interrogatory requests and documentation showing that the events in May and June of 2012 were related to each other, purportedly putting Defendants on notice of the conflict between the Gangster Disciples ("GDs") and Hispanic inmates.

This Court's usual practice is not to entertain arguments and/or materials submitted for the first time in objections to a report and recommendation. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). However, the Court wishes to note that, even if Plaintiff had submitted these discovery materials in response to Defendants' Motion for Summary Judgment, there still would be no fact material to any genuine dispute such that Plaintiff could survive summary judgment. On Defendants' Motion for Summary Judgment, the Magistrate Judge and this Court must draw all factual inferences in Plaintiff's favor, and thus the Court's analysis assumes that Plaintiff did inform Defendants of his situation at different times and that they were aware of the conflict between Hispanic inmates and GDs.

Even assuming that Plaintiff did inform Defendants of the "war" between Hispanic inmates and GDs, the small number of GDs in his building, and his fear for his safety, Plaintiff's testimony regarding the descriptions he gave of his situation and his fear were too generalized to find that Defendants must

have been on notice of a substantial risk of serious harm to Plaintiff. See Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003)(affirming summary judgment where inmate plaintiff did not clearly express that cellmate's comments constituted a threat to him). Though it is not necessary for a plaintiff to name the exact person who would effectuate harm against him, more particularized information regarding the threat feared by Plaintiff would be needed for the Court to find sufficient evidence supporting Plaintiff's contention that Defendants must have been subjectively aware of the risk Plaintiff faced. See Rodriguez v. Sec'y for Dep't of Corrs., 508 F.3d 611, 618-22 (11th Cir. 2007)(reversing summary judgment where inmate plaintiff informed defendant prison officials that members of his former gang threatened to kill him on his release into the general prison population); Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1101-02 (11th Cir. 2014)(finding reasonable jury could infer subjective awareness of substantial risk of serious harm where defendant prison officials knew about prior dangerous conduct by inmate plaintiff's cellmate that affected plaintiff and his property).

Here, according to Plaintiff's testimony, his fear was described in a general way to Defendants, and Defendants' awareness of the risk Plaintiff faced should be judged by those descriptions, in the absence of any evidence of additional

knowledge possessed by Defendants. Plaintiff did not tell Defendants of any reason why he might be targeted apart from recent violence involving Hispanic inmates and GDs, Plaintiff's GD status, and the small number of GDs in Plaintiff's building. Plaintiff did not recount any threats made to him by the Hispanic inmates in his building. As the Magistrate Judge determined, "Plaintiff fails to set forth any evidence which reveals that he faced a *particularized* fear of harm from Hispanic inmates in general or of the Hispanic inmates in particular who were housed in the H building." Dkt. No. 45, p. 8 (emphasis added).

Plaintiff's evidence regarding the pervasive and obvious nature of the risk he faced was already taken into account and deemed insufficient in the Court's assessment of whether Defendants were on notice that Plaintiff faced a substantial risk of serious harm. The existence of tensions, or a "war," between two groups of inmates and the fact that an episode of retaliatory violence occurred between the groups does not lead to the conclusion that such retaliatory violence is obviously bound or even likely to repeat itself when members of one group outnumber members of the other group in a common area.[1]

---

[1] Plaintiff also points to the fact that other GDs refused to be housed in his building following the late May 2012 violent episode in the G building and the fact that the G and H buildings were both on lockdown following that same episode. These facts also do not show that the substantial risk of serious harm Plaintiff allegedly faced was so obvious to each Defendant that

Plaintiff took issue with several policies, or alleged policy violations, and conditions in his earlier filings. Plaintiff alleges that he was never informed about how to properly request protective custody or a housing transfer, the construction and possession of weapons made from the metal on inmate locker boxes were not properly deterred, and a small number of GDs were housed in a building with several times as many Hispanic inmates during a time of conflict between the two groups.

Even where officers fail to diligently carry out their duties, deviate from policies, and are grossly negligent, this does not necessarily amount to a finding that they were subjectively aware of a substantial risk of serious harm. See Goodman v. Kimbrough, 718 F.3d 1325, 1334 (11th Cir. 2013)(finding no more than gross negligence where defendant officers failed to properly conduct cell checks and deactivated an emergency call button during inmate plaintiff's attack, but nothing additional indicated officers knew about and disregarded plaintiff's risk of harm). The alleged conduct Plaintiff points out does not amount to more than negligence or at most gross negligence by Defendants, in the absence of testimony or facts on the record showing that Defendants knew, or actually drew the

---

Plaintiff need not show Defendants had knowledge of a particularized risk in late June 2012.

inference from the facts alleged, that Plaintiff faced a substantial risk of serious harm and disregarded that risk. See Chatham v. Adcock, 334 F. App'x 281, 294 (11th Cir. 2009)(even if defendant prison officials knew inmate plaintiff's cellmate was a problem inmate with violent tendencies, defendants were at most negligent for not separating plaintiff and cellmate); Lavender v. Kearney, 206 F. App'x 860, 863 (11th Cir. 2006)("[D]eliberate indifference is not the same thing as negligence or carelessness.").

Plaintiff's Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 30TH day of October, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)